UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)<br>) |
| v. | )<br>) |
| BARRY SMITH, a/k/a "Scar," et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |



**GOVERNMENT'S THIRD SUPPLEMENTAL**
**RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this third supplemental response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

            Specifically, the government intends to offer the following evidence under both Federal Rule of Evidence 404(b) and the theory that the evidence is



inextricably intertwined with the charged criminal conduct:

On or about March 11, 1999, Bernard Smith and Rock Axel Meme were in possession of $8,000 in United States currency (in $20 denominations) and were headed to 19th Street in Fort Lauderdale to have them checked out.

On or about May 10, 1999, Barry Smith was in possession of a stolen 1998 Ford Expedition. In addition, many of the vehicles driven by members of the SMITH organization, including Barry Smith's Lincoln Navigator, were stolen.

The government also intends to offer the following evidence under Federal Rule of Evidence 404(b):

On or about November 11, 1998, an unidentified black male from Live Oak, Florida picked up thirty pounds of marijuana from Barry Smith at Barry Smith's warehouse.

From October 1991 through Spring 1992, a cooperating individual received between 700 and 1,000 parlays every two or three days from Barry Smith to sell for Barry Smith. On or about February 9, 1994, this same cooperating individual bought 260 parlays for $2,600. These parlays were later seized by law enforcement.

In addition, the government may introduce under Rule 404(b) evidence underlying any defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the court documents which have been made available for copying. Specifically, certified copies of the prior drug convictions and/or arrest records of Sam Jones, Elliot Aiken, Asia Nelson and Earl Parker are attached hereto.

N.  The government expects to offer at trial the expert testimony of the following individuals:
   1) D.J. Koontz, North Carolina State Bureau of Investigations, Examiner/analyst - performed laboratory analysis on cocaine base seized in Winston-Salem, North Carolina. A laboratory analysis setting forth the findings of D.J. Koontz has previously been provided in the government's Response to Standing Discovery

2

      Order;

2) Matthew L. Warren, Drug Enforcement Administration, Examiner/Analyst - conducted examination on sham cocaine. A lab report setting forth Mr. Warren's findings has previously been provided in the government's Response to Standing Discovery Order;

3) S.L. Yonkman, Broward Sheriff's Office, Latent Examiner - conducted examination of latent fingerprints on the newspaper packaging seized from Dwayne Campbell on March 23, 1999, and identified fingerprints as belonging to Barry Smith. A lab report analyzing those fingerprints has previously been provided in the government's Response to Standing Discover Order;

4) Thomas Mesick, Broward Sheriff's Office, Latent Examiner - conducted examination of latent fingerprints on kilogram of cocaine purchased in this case from Barry Smith and determined that the latent fingerprints did not match on-file prints of Barry Smith. A lab report analyzing these fingerprints has previously been provided in the government's Response to Standing Discovery Order; and

5) Special Agent Andrew Thompson, Federal Bureau of Investigation - conducted voice identifications of individuals intercepted in oral and wire communications. The government will also seek to qualify Special Agent Thompson as an expert in coded narcotic-related language.

    The government will provide information regarding each expert's qualifications in these areas, as well as more detailed summaries, where applicable, of their testimony upon receipt by the undersigned.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

3

The attachments to this Third Supplemental Discovery Response are numbered 00344-00374. These attachments have not been filed with the Court. Please notify the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: /s/ Kathleen Rice

KATHLEEN RICE
Assistant United States Attorney
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

cc: Special Agent Andrew W. Thompson, FBI
    Special Agent Tom H. Harvey, Jr., FBI

4

**CERTIFICATE OF SERVICE**

   I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 29th day of September, 2000, to: Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Florida 33129-2335; Randee Golder, Esquire, Post Office Box 3756, Boynton Beach, Florida 33424; Patrick Hunt, Esquire, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301; Martin A. Feigenbaum, Esquire, Museum Tower - Suite 1565, 150 West Flagler Street, Miami, Florida 33130; Steven Kassner, Esquire, 815 Ponce de Leon Boulevard, Suite 303, Coral Gables, Florida 33134-3007; Manuel Gonzalez, Jr., Esquire, 780 NW 42nd Avenue, Suite 318, Miami, Florida 33126-5536; Vincent Flynn, Esquire, 1221 Brickell Avenue, Suite 602, Miami, Florida 33131-3260; and Michael Entin, Esquire, One East Broward Boulevard, Suite 1500, Fort Lauderdale, Florida 33301.

_____
KATHLEEN RICE
Assistant United States Attorney