UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO.: 00-6162-CR-ROETTGER

    Plaintiff

vs.

JOSEPH ELLIOT AIKEN,

    Defendant

_____/

NIGHT BOX FILED
JUN 27 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FtL

### MOTION FOR A PRETRIAL JAMES HEARING TO DETERMINE THE ADMISSIBILITY OF CO-DEFENDANTS' OUT OF COURT STATEMENTS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, JOSEPH ELLIOT AIKEN, by and through his undersigned counsel, pursuant to Rules 104(a), 802, and 803 of the Federal Rules of Evidence, and respectfully requests this Honorable Court conduct a pretrial hearing to determine the following:

1. Whether or not the Government intends to introduce against the Defendant at trial any out of court statements by the co-defendants named in this Indictment;

2. Whether or not the Government intends to introduce such statements against the Defendant under a theory of conspiracy;

3. The Government's ability to establish the Defendant's participation in the alleged conspiracy without the benefit of hearsay statements of co-defendants and/or co-conspirators;

4. If the Defendant's participation in such conspiracy is established, whether or not said hearsay statements were made during the course of the alleged conspiracy and in furtherance of the alleged conspiracy; and

5. Whether or not there exists any independent reason for this Court to rule said statements inadmissable as against this Defendant.



## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR A PRETRIAL JAMES HEARING

COMES NOW, the Defendant, JOSEPH ELLIOT AIKEN, and in support of his previously filed Motion for a pretrial hearing to determine the admissibility of co-defendants' out of court statements states as follows:

In United States v. James, 590 F.2d 575, 577 (5th Cir.) en banc cert. denied 442 U.S. 917 (1979), the Fifth Circuit stated that in order to prevent what the court recognized as "the danger of prejudice to the defendant which would result if the jury were to rely upon co-conspirator statements without first addressing and deciding" whether they were admissible, the Fifth Circuit en banc set forth guidelines for trial courts to follow. Id. at 577. By that decision, the court clarified that a judge should find, at a minimum, that the Government can establish, before the co-conspirators are admissible,

> "By a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the co-conspirator and the defendant against whom the co-conspirator's statement if offered where members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." Id. at 582; Rule 801(d)(2)(E), Federal Rules of Evidence. See also United States v. Fernandez, 797 F.2d 943, 945 (11th Cir. 1986).

Further, it has been stated by several courts that the "preferred order of proof" in order to eradicate possible danger to the defendant, requires that a "showing of a conspiracy and of the connection of the defendant with it (be made) before admitting declarations of a co-conspirator." James at 582; United States v. Stratton, 649 F.2d 1066, 1083 n. 26 (5th Cir. 1981); United States v. Bell, 648 F.2d 212, 214 (5th Cir. 1981); United States v. Horton, 646 F.2d 181, 185 (5th Cir. 1981); United States v. Berry, 644 F.2d 1034 (5th Cir.) 1981); United States v. Ocanas, 628 F.2d 353, 359 (5th Cir. 1980). In United States v. Lippner, 676 F.2d 456 (11th Cir. 1982) the Eleventh Circuit noted that, although it may be preferable to hold a James hearing before trial, it is not necessary. Under James, it is the Government that bears the burden of establishing the existence of the conspiracy to overcome the hearsay bar which operates at trial through timely defense objection.

See <u>United States v. Khoury</u>, ___ F.2d ___ (11th Cir. May 21, 1990) [4 FLW Fed. 551, 561].

Appellants submits that the "dangers" inherent in the instant case loom so patently in the fact of the Indictment that the "meticulous procedures" referred to are necessary to safeguard the Defendant from possible prejudice and/or possible mistrial. See, e.g. <u>United States v. Fine</u>, 644 F.2d 1018 (5th Cir. 1981).

WHEREFORE, based upon the foregoing, the Defendant, JOSEPH ELLIOT AIKEN, respectfully requests this Honorable Court to conduct a pretrial "James" hearing to determine the admissibility of co-defendants' out of court statements.

I HEREBY CERTIFY that the original hereof has been furnished to the Clerk of the District Court, 299 East Broward Blvd., Ft. Lauderdale, Florida; and a copy has been furnished to Kathleen Rice, United States Attorney's Office, 500 East Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33394 on this 22 day of June, 2001.

Respectfully submitted,

LAW OFFICES OF MICHAEL J. ENTIN
ATTORNEY FOR DEFENDANT
ONE EAST BROWARD BLVD.
SUITE 925 - SOUTHTRUST BANK
FORT LAUDERDALE, FLORIDA 33301
(954) 522-7000
FLA. BAR NO: 270261

_____
MICHAEL J. ENTIN, ESQ.