UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,     CASE NO.: 00-6162-CR-ROETTGER/SNOW

Plaintiff

vs.

JOSEPH ELLIOT AIKEN,

Defendant
_____/

### DEFENDANT'S MOTION TO COMPEL INSPECTION OF PROBATION FILES AND PSI REPORTS AND PRODUCTION OF BRADY AND GIGLIO MATERIALS

The Defendant, JOSEPH ELLIOT AIKEN, by and through his undersigned counsel and pursuant to United States v. Giglio, 405 U.S. 150 (1972) and Brady v. Maryland, hereby moves this Court for entry of an Order compelling the government to review the probation files and PSI reports of all of its cooperating witnesses to determine whether these files contain Brady/Giglio or Jenks material that must be disclosed to the defense.

The case against Mr. Aiken is based primarily on the testimony of cooperating defendants and wire tap evidence. The witnesses have entered into plea agreements with the government and are receiving beneficial treatment for their testimony against Mr. Aiken. Their motive to curry favor with the government and testify at trial against Mr. Aiken is significant. Their credibility is central to this case.

Mr. Aiken "is entitled to pertinent material in the Presentence Investigation Report that bears on the credibility of a significant witness in the case." United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988). When the government is not in actual possession of all probation files or PSI reports of cooperating defendants, "a prosecutor's office cannot get around Brady by keeping

itself in ignorance, or compartmentalizing information about different aspects of the case." United States v. Young, 20 F.3d 758 (7th Cir. 1994). Accordingly, "if [a probation] report contains exculpatory material, that part of the report must be disclosed." United States v. Figurski, 545 F.2d 389, 391 (4rh Cir. 1976).

The Ninth Circuit recently addressed the government's duty to review probation files in Carriger v. Stewart, 132 F.3d 463 (9th Cir. 1997) (en banc). Carrier involved a habeas petition based on part on Carriger's claim that the State's failure to inspect and produce the Department of Corrections file of the state's cooperating witness violated Brady and Giglio. The Ninth Circuit agreed.

"[B]efore putting [the cooperating witness] on the stand," the government has "**an obligation .... to obtain and review [his] corrections file** and to treat its contents in accordance with the requirements of Brady and Giglio." Id. at 4800 (emphasis added). The panel explained further:

> The prosecutor has a duty to learn of any exculpatory evidence known to others acting on the government's behalf. Because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned .... **When the government decides to rely on the testimony of [a cooperating] witness, it is the government's obligation to turn over all information bearing on the witness' credibility.** This must include the witness' criminal record, including prison records, and any information therein which bears on credibility.

Id. at 479-80 (emphasis added).

Alternatively, Mr. Aiken requests that all PSI reports and probation files of all cooperating defendants be produced to the Court for an *in camera* inspection and a determination of whether material contained in the files should be produced to the defense. This *in camera* procedure was approved by the Ninth Circuit in Strifler, where the court held that the District Judge could conduct an *in camera* review of PSI reports and probation files of cooperating witnesses to determine

whether material in the files had to be produced to the defense. 851 F.2d at 1201-02. *In camera* inspection of probation files and PSI reports was also approved by the Fourth Circuit in Figurski. 545 F.2d at 381-92.

## CONCLUSION

For the foregoing reasons, Elliot Aiken, respectfully requests an Order of this Court directing the government to review the probation files and PSI reports of <u>all</u> of its cooperating witnesses to determine whether these files contain Brady/Giglio or Jenks material that must be disclosed to the defense.

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished to Kathleen Rice, United States Attorney's Office, 500 East Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33394 on this __26__ day of June, 2001.

MICHAEL J. ENTIN, ESQ.
Attorney for Defendant
Suite 925- SouthTrust Tower
One East Broward Blvd.
Ft. Lauderdale, FL 33301
Telephone: (954) 522-7000
Florida Bar No: 270261