

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA

-vs-                    CASE NO. 00-6162-CR-ROETTGER

BARRY SMITH, BERNARD SMITH,
ELLIOT AIKEN, RAYMOND HICKS,
ASIA NELSON, and WILLIE WALKER

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law

that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and

begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government

has proved beyond a reasonable doubt the specific facts

necessary to find the Defendant guilty of the crime charged

in the indictment.



Duty to Follow Instructions
Presumption of Innocence

You must make your decision only on the basis of the
testimony and other evidence presented here during the
trial; and you must not be influenced in any way by either
sympathy or prejudice for or against the Defendant or the
Government.

You must also follow the law as I explain it to you
whether you agree with that law or not; and you must
follow all of my instructions as a whole. You may not
single out, or disregard, any of the Court's instructions on
the law.

The indictment or formal charge against any
Defendant is not evidence of guilt. Indeed, every
Defendant is presumed by the law to be innocent. The law
does not require a Defendant to prove innocence or to
produce any evidence at all; and if a Defendant elects not
to testify, you should not consider that in any way during
your deliberations. The Government has the burden of

proving a Defendant guilty beyond a reasonable doubt, and

if it fails to do so you must find that Defendant not guilty.

## Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Consideration of the Evidence, Direct
and Circumstantial - - Argument of Counsel
Comments by the Court

As I said earlier, you must consider only the evidence

that I have admitted in the case. The term "evidence"

includes the testimony of the witnesses and the exhibits

admitted in the record. Remember that anything the

lawyers say is not evidence in the case. It is your own

recollection and interpretation of the evidence that controls.

What the lawyers say is not binding upon you. Also, you

should not assume from anything I may have said that I

have any opinion concerning any of the issues in this case.

Except for my instructions to you on the law, you should

disregard anything I may have said during the trial in

arriving at your own decision concerning the facts.

In considering the evidence you may make deductions

and reach conclusions which reason and common sense

lead you to make; and you should not be concerned about

whether the evidence is direct or circumstantial. "Direct

evidence" is the testimony of one who asserts actual

knowledge of a fact, such as an eye witness.

"Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the
evidence, I do not mean that you must <u>accept</u> all of the
evidence as true or accurate. You should decide whether
you believe what each witness had to say, and how
important that testimony was. In making that decision you
may believe or disbelieve any witness, in whole or in part.
Also, the number of witnesses testifying concerning any
particular dispute is not controlling.

In deciding whether you believe or do not believe any
witness I suggest that you ask yourself a few questions:
Did the witness impress you as one who was telling the
truth? Did the witness have any particular reason not to
tell the truth? Did the witness have a personal interest in
the outcome of the case? Did the witness seem to have a
good memory? Did the witness have the opportunity and
ability to observe accurately the things he or she testified
about? Did the witness appear to understand the
questions clearly and answer them directly? Did the

witness' testimony differ from other testimony or other

evidence?

## Impeachment
## Inconsistent Statement and Felony Conviction

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional

falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

Accomplice - - Informer - - Immunity
Co-Defendant - - Plea Agreement


The testimony of some witnesses must be considered
with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has
been promised that he or she will not be charged or
prosecuted, or a witness who hopes to gain more favorable
treatment in his or her own case, may have a reason to
make a false statement because the witness wants to
strike a good bargain with the Government.

In this case the Government called as one of its
witnesses a person named as a co-Defendant in the
indictment, with whom the Government has entered into a
plea agreement providing for the possibility of a lesser
sentence than the witness would otherwise be exposed to.
Such plea bargaining, as it's called, has been approved as
lawful and proper, and is expressly provided for in the rules
of this Court. However, a witness who hopes to gain more
favorable treatment may have a reason to make a false

statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has pleaded guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## Similar Acts Evidence
### (Rule 404(b), F.R.E.)

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or whether the Defendant acted according to a plan or in preparation for commission of a crime; or whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake.

## Character Evidence

Defendant Walker has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

Introduction to Offense Instructions

At this time I shall explain the indictment which charges two separate offenses called "counts." I shall not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count I charges that the Defendants knowingly and willfully conspired together to possess with intent to distribute cocaine. Count III charges that the Defendants Barry Smith and Willie Walker knowingly and willfully conspired with each other, and with persons known and unknown to the grand jury to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, that is, the illegal distribution of cocaine. I shall explain the law governing those substantive offenses in a moment.

First, however, as to Count I and Count III, you will note that the Defendants are not charged in that Count with committing a substantive offense; rather, they are

charged with having conspired to do so.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW(s)(s)

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)

18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| BARRY SMITH, a/k/a "Scar," | ) |
| BERNARD SMITH, a/k/a "Fatboy," | ) |
| | ) |
| ELLIOT AIKEN, a/k/a "Pig," | ) |
| RAYMOND HICKS, | ) |
| ASIA NELSON, a/k/a "Adrian," | ) |
| | ) |
| WILLIE WALKER, a/k/a "Unc," | ) |
| | ) |
| Defendants. | ) |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT I

From at least as early as December 1996 through in or about September 1999, in



Broward County, in the Southern District of Florida, and elsewhere, the defendants,

BARRY SMITH, a/k/a "Scar,"
BERNARD SMITH, a/k/a "Fatboy,"

ELLIOT AIKEN, a/k/a "Pig,"
RAYMOND HICKS,
ASIA NELSON, a/k/a "Adrian,"

WILLIE WALKER, a/k/a "Unc,"

did knowingly and intentionally, combine, conspire, confederate and agree with persons known

and unknown to the Grand Jury, and with each other, to possess with intent to distribute in excess

of five kilograms of a Schedule II controlled substance, that is, a mixture and substance

containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section

846, all in violation of Title 21 in excess of Section 21, United States Code, Section 846.

## COUNT III

On or about July 23, 1999, in Broward County, in the Southern District of Florida

and elsewhere, the defendants,

### BARRY SMITH, a/k/a "Scar," and
### WILLIE WALKER, a/k/a "Unc,"

did knowingly and willfully combine, conspire, confederate and agree with each other, and with

other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial

transactions, to wit: the transfer and delivery of monetary instruments affecting interstate and

foreign commerce and involving the proceeds of specified unlawful activity, that is, the illegal

distribution of cocaine, knowing that the transactions were designed in whole and in part to

conceal and disguise the nature, location, source, ownership, and control of the proceeds of said

specified unlawful activity, and knowing that the property involved in the financial transactions

represented the proceeds of some form of specified unlawful activity, in violation of Title 18,

United States Code, Section 1956(a)(1)(B)(i), all in violation of Title 18, United States Code,

Section 1956(h).

A TRUE BILL:

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

3

Count I
Controlled Substances
(Conspiracy)
21 USC § 846

Title 21, United States Code, Section 846 make it a

separate Federal crime or offense for anyone to conspire or

agree with someone else to do something which, if actually

carried out, would be a violation of Section 841(a)(1).

Section 841(a)(1) makes it a crime for anyone to knowingly

possess cocaine with intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a

kind of "partnership in criminal purposes" in which each

member becomes the agent or partner of every other

member.

In order to establish a conspiracy offense it is not

necessary for the Government to prove that all of the

people named in the indictment were members of the

scheme, or that those who were members had entered into

any formal type of agreement.  Also, because the essence

of a conspiracy offense is the making of the scheme itself,

it is not necessary for the Government to prove that the

conspirators actually succeeded in accomplishing their

unlawful plan.

What the evidence in the case <u>must</u> show beyond a

reasonable doubt is:

- First:    That two or more persons in
some way or manner, came to
a mutual understanding to try
to accomplish a common and
unlawful plan, as charged in
the indictment; and

- <u>Second</u>:  That the Defendant, knowing
the unlawful purpose of the
plan, willfully joined in it.

A person may become a member of a conspiracy

without full knowledge of all of the details of the unlawful

scheme or the names and identities of all of the other

alleged conspirators.  So, if a Defendant has a general

understanding of the unlawful purpose of the plan and

knowingly and willfully joins in that plan on one occasion,

that is sufficient to convict that Defendant for conspiracy

even though the Defendant did not participate before and

even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## Count III
## Money Laundering Conspiracy
## 18 USC § 1956(h)

Title 18, United States Code, Section 1956(h) makes it
a separate Federal crime or offense for anyone to conspire
or agree with someone else to do something which, if
actually carried out, would be a violation of Title 18, United
States Code, Section 1956(a)(1)(B)(i).  Section
1956(a)(1)(B)(i) makes it a crime for anyone to conduct or
attempt to conduct a financial transaction knowing that the
property involved in the transaction represents the
proceeds of some form of unlawful activity and attempts to
conduct or conducts such a transaction which in fact
involves proceeds of specified unlawful activity with the
knowledge that the transaction is designed, not in whole or
in part to conceal or disguise the nature, location, source,
ownership or control of those proceeds.

So, under the law, a "conspiracy" is an agreement or a
kind of "partnership in criminal purposes" in which each
member becomes the agent or partner of every other

member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme, <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:    That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

<u>Second</u>:  That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other

alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

The term "conducted" means initiating, concluding or participating in initiating or concluding a transaction.

The term "transaction" means a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition of funds or property.

The term "financial transaction" includes a transaction

which in any way or degree affects interstate commerce involving (a) the movement of funds by wire or other means or (b) one or more "monetary instruments" which includes coin or currency of any country, travelers or personal checks, bank checks or money orders.

It is not necessary for the Government to show that each Defendant actually intended or anticipated an effect on interstate commerce, or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the Defendant's actions would be to affect interstate commerce, no matter how minimal.

The term "knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity" means that the Defendant knew that such funds or property represented proceeds from some form, though not necessarily which form, of a felony offense under state or Federal law. You are instructed that conspiracy to possess with intent to distribute cocaine constitutes a felony punishable under the laws of the United States.

The term "specified unlawful activity" means the illegal distribution of cocaine.

On or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

Caution - - Punishment

A separate crime or offense is charged against one or
more of the Defendants in each count of the indictment.
Each charge, and the evidence pertaining to it, should be
considered separately. Also, the case of each Defendant
should be considered separately and individually. The fact
that you may find any one or more of the Defendants guilty
or not guilty of any of the offenses charged should not
affect your verdict as to any other offense or any other
Defendant.

I caution you, members of the Jury, that you are here
to determine from the evidence in this case whether each
Defendant is guilty or not guilty. Each Defendant is on trial
only for the specific offense alleged in the indictment.

Also, the question of punishment should never be
considered by the jury in any way in deciding the case. If a
Defendant is convicted the matter of punishment is for the
Judge alone to determine later.

## Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you go to the jury room you should first select
one of your members to act as your foreman or
forewoman.   He or she will preside over your deliberations
and will speak for you here in court.

A form of verdict has been prepared for your
convenience.

[Explain verdict]

You will take the verdict form to the jury room and
when you have reached unanimous agreement you will
have your foreman or forewoman fill in the verdict form,
date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any
time, please write down your message or question and
pass the note to the marshal who will bring it to my
attention. I shall then respond as promptly as possible,
either in writing or by having you returned to the

courtroom so that I can address you orally. I caution you,

however, with regard to any message or question you

might send, that you should not tell me your numerical

division at the time.